UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE NATIONAL SHIPPING COMPANY OF SAUDI ARABIA <br> Plaintiff, <br><br> V. <br><br> VALERO MARKETING AND SUPPLY COMPANY <br> Defendant. | § § § § § § § § § § | C.A. NO. 4:19-cv-1096 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, The National Shipping Company of Saudi Arabia ("NSCSA"), files this, its Original Complaint, against Defendant Valero Marketing and Supply Company ("Valero"), and would show the Court as follows:

## PARTIES

1. NSCSA is a foreign business entity with its principal office and place of business located at The National Shipping Company of Saudi Arabia, Olaya Towers, Tower (B), from floor 12 to 15, Prince Mohammed Bin Abdulaziz Street, Tahlyah District, P.O Box 8931, Riyadh, Riyadh-11492, Riyadh Province, Saudi Arabia.

2. Valero is a foreign for profit corporation organized and existing under the laws of the State of Delaware, whose principal office and place of business is located at One Valero Way, San Antonio, Texas 78249. Valero is authorized to do business within the State of Texas and, at all times material, did business in Texas as a provider of bunker fuel, entering into contracts for the sale/supply of bunker fuel and/or other contracts that were performable in whole or in part in Texas, and/or committing a tort within the State of Texas. Valero may be served

with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1333 as NSCSA asserts breach of maritime contracts and maritime torts. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue for this civil action is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

## FACTS

5. NSCSA alleges, and will prove at trial, that Valero produced, manufactured, stored, sold, supplied, and/or delivered unsuitable, substandard, defective, contaminated, unfit, non-conforming, off-specification bunker fuel to the M/V BAHRI YANBU (the "Vessel"). This bunker fuel caused significant damage and performance problems to the Vessel as well as other losses and expenses to NSCSA. Despite due demand, NSCSA's claims against Valero remain unresolved, necessitating this lawsuit.

6. On March 19, 2018, NSCSA, as buyer, entered into Sales Contract 40587856 with Valero, as seller, by which Valero agreed to supply 750 metric tons, plus/minus 5% at seller's option, of bunker fuel to the Vessel.

7. On March 30, 2019, a barge hired by Valero delivered about 750 metric tons of unsuitable, substandard, defective, contaminated, unfit, non-conforming, off-specification bunker fuel (hereinafter "bad fuel") to the Vessel while she was alongside City Dock 31, Houston,

Texas.  On that same day a Bunkering Certificate was issued memorializing the delivery of 750 metric tons of the bad fuel to the Vessel.

8. On 27 April 2018, the Vessel switched to first use the bad fuel. On May 1, 2018, the Vessel's main engine reported numerous faults, resulting in its having to be stopped entirely for checks. The Vessel drifted for almost two and a half days until the crew was able to restart the main engine on May 3, 2018 .The Vessel called at Alexandria, Egypt on May 5, 2018 to carry out investigations into the main engine damage. The damage to the Vessel caused by use of the bad fuel included damage to the fuel injection pumps (plunger and barrel), injection control units, pistons and valves. As a result of the damage, NSCSA was forced to carry out repairs to the Vessel's engine between May 5 and May 11, 2018 resulting in further loss of time for the Vessel. The Vessel was also forced to discontinue use of the bad fuel to avoid any further damage to the main engine. As the Vessel was left with insufficient bunkers to make its next scheduled call, NSCSA had to purchase replacement bunkers at Jeddah and to debunker the remaining bad fuel at Fujairah.

9. NSCSA has submitted its demand to Valero with respect to the damages incurred by Valero's failure to sell and supply bunker fuel meeting the proper and contracted specifications.  However, despite this demand, Valero has not compensated NSCSA for its losses.

10. NSCSA was without fault in causing and/or contributing to the damages asserted in this Original Complaint.  The contamination of the bunker fuel was legally caused solely by the acts, omissions, or other conduct of Valero, or by its breaches of the applicable contract and negligent acts or failures to act.  The source of all damages, costs, and expenses incurred by

NSCSA is Valero's provision of unsuitable, substandard, defective, contaminated, unfit, non-conforming, off-specification bunker fuel.

## COUNT I

## BREACH OF CONTRACT

11. NSCSA repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

12. Valero is engaged in the business of selling, marketing, transporting, and/or otherwise providing marine fuels to customers.  By virtue of its contract with NSCSA, Valero agreed to provide bunker fuel to Plaintiff's Vessel which was to meet certain identifiable and industry-standard specifications.

13. However, Valero provided bad bunker fuel to the Vessel that was out of specification, unsuitable, substandard, defective, and/or contaminated in breach of contract.

14. The foregoing acts or failures to act as contracted by Valero proximately caused significant damages to NSCSA.  NSCSA hereby seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a result of Valero's contractual breaches.

## COUNT II

## BREACH OF WARRANTIES/MISREPRESENTATION

15. NSCSA repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

16. Valero warranted that the bad bunker fuel would meet certain identifiable and industry-standard specifications.  However, Valero provided to and loaded aboard the Vessel bad

fuel that was out of specification, unsuitable, substandard, defective, and/or contaminated in breach of express warranties made and owed by Valero to NSCSA.

17. Additionally, Valero's provision and loading of bad fuel that was out of specification, unsuitable, substandard, defective, and/or contaminated aboard the Vessel constitutes a breach of implied warranties, including but not limited to quality and/or fitness for purpose and freedom from harmful defects, made and owed by Valero to NSCSA.

18. Alternatively, Valero's provision to and loading aboard the Vessel of bad fuel that was out of specification, unsuitable, substandard, defective, and/or contaminated constitutes a material misrepresentation by Valero to NSCSA as to the quality and/or fitness for purpose of the fuel, which was relied upon by NSCSA to its detriment. Valero knew, or should have known, about the unsuitable, substandard, defective, and/or contaminated condition of the bad fuel. NSCSA is entitled to relief from the intentional and/or negligent misrepresentation of the quality and nature of the bad fuel.

19. The bad fuel provided by Valero to NSCSA was not of the quality or condition expressly or impliedly warranted by Valero's description, but was defective as described above. Alternatively, Valero misrepresented the quality, specification, and/or suitability of the bad fuel.

20. Valero seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a direct result of Valero's conduct.

## COUNT III

## NEGLIGENCE

21. NSCSA repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

22. Valero's provision to and loading of bad fuel aboard the Vessel that was out of specification, unsuitable, substandard, defective, and/or contaminated constitutes negligence. Valero owed a duty to NSCSA to act non-negligently by loading only suitable fuel aboard the Vessel, and to ensure the fuel loaded upon the Vessel was industry-standard, not defective, and not contaminated. Valero's failure to do so was negligent and its breach of its duty proximately caused damages to NSCSA and the Vessel and other related expenses.

23. NSCSA seeks recovery of all damages, costs, and expenses that have been or may be incurred as a result of Valero's conduct.

## DAMAGES

24. Valero repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

25. As a result of the acts or failures to act by Valero, out of specification, unsuitable, substandard, defective, contaminated, and/or bad fuel was delivered to NSCSA's Vessel, resulting in significant physical damage, loss of use, fees, and other expenses arising from the Vessel's use of the bad fuel supplied by Valero.

26. NSCSA hereby seeks recovery of approximately $1,137,000.00 for all actual losses, damages, costs, and expenses, including, but not limited to, damage to the Vessel, the cost of replacement fuel, survey and inspection fees, chemical analysis fees, downtime, loss of use/revenue, cleaning and disposal expenses, administrative and overhead costs, expert fees, as well as pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other damages, costs, and expenses arising from the matters complained of herein.

## CONDITIONS PRECEDENT

27. NSCSA has complied with all conditions precedent to the maintenance of all causes of action asserted in this proceeding.

## PRAYER

WHEREFORE, Plaintiff, The National Shipping Company of Saudi Arabia, prays that Defendant Valero Marketing and Supply Company, be served with citation and process, and that on final trial or hearing, Plaintiff have judgment against Defendant as to the damages described herein, in an amount to be shown at trial of this matter, plus pre-judgment and post-judgment interest, costs of court, attorneys' fees, and such other and further relief to which plaintiff, The National Shipping Company of Saudi Arabia, may show itself justly entitled.

Respectfully submitted,

By: */s/ David R. Walker*
David R. Walker
Fed I.D. No. 2827
Texas Bar No. 20696800
The Hunter Building
306–22nd Street, Suite 301
Galveston, TX  77550-1589
Telephone:    (409) 763-1623
Email: david.walker@roystonlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**THE NATIONAL SHIPPING COMPANY OF SAUDI ARABIA**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP