## In the United States District Court
## for the Southern District of Texas
## Houston Division

| | |
|---|---|
| National Shipping Company of Saudi Arabia,<br>    *Plaintiff*,<br>   vs.<br><br>Valero Marketing and Supply Company,<br>    *Defendant and Third-party Plaintiff*<br>   vs.<br><br>Trafigura Trading LLC<br>    *Third-party Defendant* | Civil Action No. 4:19-cv-1096 |

### TRAFIGURA TRADING LLC ANSWER AND DEFENSES TO PLAINTIFF NATIONAL SHIPPING COMPANY OF SAUDI ARABIA'S SECOND AMENDED COMPLAINT

Defendant Trafigura Trading LLC ("Trafigura") through its attorneys, Reed Smith LLP, files this Answer and Affirmative Defenses to Plaintiff National Shipping Company of Saudi Arabia's ("NSCSA") Second Amended Complaint. This Answer and Defenses is made subject to the contemporaneously filed Motions to Dismiss, Motion to Transfer, and Motion for More Definite Statement.

### PARTIES

1. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 1, and, therefore, denies same.

2. The averments contained in Paragraph 2 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 2, and, therefore, denies same.

### JURISDICTION AND VENUE

3. Denied. The averments in Paragraph 3 constitute conclusions of law to which no response is required. As such, they are denied. Trafigura objects based on lack of subject matter jurisdiction. Valero's improper efforts to bootstrap Trafigura into this suit by way of third party

complaint and tender under Federal Rule of Civil Procedure 14(c) are in breach of written contracts in which Valero agreed to arbitration and to exclusive jurisdiction in New York. Trafigura moves to dismiss NSCSA's claims for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

4. Denied. The averments in Paragraph 3 constitute conclusions of law to which no response is required. As such, they are denied. Trafigura moves to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. 1404(a), and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3).

**FACTS**

5. The averments contained in Paragraph 5 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 5, and, therefore, denies same.

6. The averments contained in Paragraph 6 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 6, and, therefore, denies same.

7. The averments contained in Paragraph 7 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 7, and, therefore, denies same.

8. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 8, and, therefore, denies same.

9. The averments contained in Paragraph 9 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 9, and, therefore, denies same.

10. The averments contained in Paragraph 10 are not directed at Trafigura. The averments in Paragraph 10 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

### COUNT I – BREACH OF CONTRACT

11. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 10 as if fully set forth herein.

12. The averments contained in Paragraph 12 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 12, and, therefore, denies same.

13. The averments contained in Paragraph 13 are not directed at Trafigura. The averments in Paragraph 13 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

14. The averments contained in Paragraph 14 are not directed at Trafigura. The averments in Paragraph 14 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

### COUNT II – BREACH OF WARRANTIES/MISREPRESENTATIONS

15. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 14 as if fully set forth herein.

16. The averments contained in Paragraph 16 are not directed at Trafigura. The averments in Paragraph 16 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

17. The averments contained in Paragraph 17 are not directed at Trafigura. The averment in Paragraph 17 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

18. The averments contained in Paragraph 18 are not directed at Trafigura. The allegations in Paragraph 18 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

19. The averments contained in Paragraph 19 are not directed at Trafigura. The averments in Paragraph 19 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

20. Upon information and belief, Trafigura assumes NSCSA intended to state that NSCSA, not Valero, seeks recovery. Trafigura lacks knowledge or information sufficient to form a belief about whether NSCSA is entitled to relief from Valero, and, therefore, denies same.

### COUNT III – NEGLIGENCE

21. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 20 as if fully set forth herein.

22. The averments contained in Paragraph 22 are not directed at Trafigura. The averments in Paragraph 22 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

23. Trafigura lacks knowledge or information sufficient to form a belief about whether NSCSA is entitled to relief from Valero, and, therefore, denies same.

### COUNT IV – PRODUCT LIABILITY

24. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 23 as if fully set forth herein.

25. The averments contained in Paragraph 25 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 25, and, therefore, denies same.

26. The averments contained in Paragraph 26 are not directed at Trafigura. The averments in Paragraph 26 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

27. The averments contained in Paragraph 27 are not directed at Trafigura. Further answering, denied.

28. The averments contained in Paragraph 28 are not directed at Trafigura. The averments in Paragraph 28 contain conclusions of law to which no response is required. As such, they are denied. Further answering, denied.

## DAMAGES

29. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. The averments contained in Paragraph 30 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 30, and, therefore, denies same.

31. Trafigura lacks knowledge or information sufficient to form a belief about whether NSCSA is entitled to relief, and, therefore, denies same.

## CONDITIONS PRECEDENT

32. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 32, and, therefore, denies same.

33. Trafigura denies each and every averment contained in NSCSA's Second Amended Complaint that is not expressly admitted to herein.

## PRAYER

Trafigura lacks knowledge or information sufficient to form a belief about whether NSCSA is entitled to relief, and, therefore, denies same.

## TRAFIGURA TRADING LLC'S DEFENSES

1. NSCSA's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. NSCSA's claims are barred, in whole or in part, because this Court lacks subject matter jurisdiction.

3. NSCSA's claims are barred, in whole or in part, because venue is not proper in the Southern District of Texas.

4. NSCSA's claims are barred, in whole or in part, because Valero's Rule 14(c) attempted tender of Trafigura should be dismissed.

5. NSCSA's claims are barred, in whole or in part, because NSCSA has not alleged any cause of action against Trafigura.

6. NSCSA's claims are barred, in whole or in part, because the product sold by Trafigura was not defective at the time Trafigura delivered it to Valero.

7. NSCSA's claims are barred, in whole or in part, because any alleged defect in the product sold by Trafigura to Valero was solely caused by a substantial change or alteration or misuse of the product after Trafigura delivered it to Valero.

8. NSCSA's claims are waived because Valero failed to timely submit to Trafigura a claim that the product sold by Trafigura was defective under Sections 12 and 15 of the written contracts between Valero and Trafigura.

9. NSCSA's claims are barred, in whole or in part, because Valero failed to timely submit to Trafigura a claim that the product sold by Trafigura to Valero was defective under Sections 12 and/or 15 of the written contracts between Trafigura and Valero.

10. NSCSA's claims are barred, in whole or in part, because there is no contract or warranty between NSCSA and Trafigura relating to the allegedly defective product sold by Valero to NSCSA.

11. NSCSA's claims are barred, in whole or in part, because NSCSA is not a third party beneficiary to any contract between Trafigura and Valero.

12. NSCSA's claim against Trafigura for breach of warranty is barred because NSCSA failed to provide reasonable and adequate notice to Trafigura of the alleged breach of warranty.

13. NSCSA's claims are barred, in whole or in part, by contributory or comparative negligence, contributory or comparative fault, and/or voluntary assumption of risk by Valero, its contractors, and/or NSCSA.

14. NSCSA's claims are barred, in whole or in part, because NSCSA's damages, if any, were caused, in whole or in part, by the negligence, fault, or wrongful conduct of third persons or entities over which Trafigura exercised no control.

15. NSCSA's claims are barred, in whole or in part, because NSCSA's damages, if any, were actually or proximately caused, in whole or in part, by an intervening or superseding cause.

16. NSCSA's claims are barred, in whole or in part, because NSCSA's damages, if any, were actually or proximately caused, in whole or in part, by a new and independent cause.

17. NSCSA's claims are barred, in whole or in part, because the sole, proximate, producing, or contributing cause of NSCSA's damages, if any, was the acts or omissions of persons or entities over which Trafigura has no control or right of control.

18. NSCSA's claims are barred, in whole or in part, because the product sold by Trafigura to Valero was at all times reasonably fit and suitable for the ordinary purpose for which it was to be used.

19. NSCSA's claims are barred, in whole or in part, because NSCSA failed to mitigate its damages.

20. NSCSA's claims are barred, in whole or in part, because there were no implied warranties, and/or NSCSA waived all implied warranties.

21. NSCSA's claims are barred, in whole or in part, because the product sold by Trafigura to Valero did not cause damage to NSCSA or to Valero.

22. NSCSA's claims are barred, in whole or in part, because Trafigura did not manufacture and/or sell the allegedly defective product sold by Valero to NSCSA.

23. Trafigura denies Valero has met its conditions precedent for recovery against Trafigura.

DATED:  May 31, 2019

                                                REED SMITH LLP
                                                s/ *Stephen E. Scheve*
                                                Stephen E. Scheve (attorney-in-charge)
                                                Texas Bar No. 00794928
                                                S.D. Tex. No. 18784
                                                sscheve@reedsmith.com
                                                Curtis R. Waldo
                                                Texas Bar No. 24090452
                                                S.D. Tex. No. 2331235
                                                cwaldo@reedsmith.com
                                                Reed Smith LLP
                                                811 Main Street, Suite 1700
                                                Houston, TX 77002-6110
                                                Telephone: +1 713 469 3812
                                                Facsimile: +1 713 469 3899

                                                *Counsel for Third-party Defendant Trafigura Trading LLC*

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

  I certify that the above document was served via the Court's CM/ECF system to all counsel of record on May 31, 2019.

<i>s/ Stephen E. Scheve</i><br>
Stephen E. Scheve