UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL SHIPPING COMPANY OF SAUDI ARABIA<br><br>VS.<br><br>VALERO MARKETING AND SUPPLY COMPANY | §<br>§<br>§<br>§<br>§   C.A. NO. 4:19-CV-1096<br>§<br>§<br>§<br>§ |

**THIRD-PARTY DEFENDANT TRAFIGURA TRADING LLC'S ANSWER AND DEFENSES TO DEFENDANT VALERO MARKETING AND SUPPLY COMPANY'S AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendant Trafigura Trading LLC ("Trafigura") submits this Answer and Defenses to Defendant Valero Marketing and Supply Company's Amended Third Party Complaint (Dkt. #14). This Answer and Defenses is made subject to the contemporaneously filed Motions to Dismiss, Motion to Transfer, and Alternative Motion for More Definite Statement.

**I.      Jurisdiction and Venue**

1.      Denied. The averments contained in Paragraph 1 constitute conclusions of law to which no response is required. As such, they are denied. Trafigura objects based on lack of subject matter jurisdiction. Valero's improper efforts to bootstrap Trafigura into this suit by way of third party complaint and tender under Federal Rule of Civil Procedure 14(c) are in breach of written contracts in which Valero agreed to arbitration and to exclusive jurisdiction in New York. Trafigura moves to dismiss certain of Valero's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

2.      Denied. The averments contained in Paragraph 2 constitute conclusions of law to which no response is required. As such, they are denied. Trafigura objects based on lack of subject matter jurisdiction. Valero's improper efforts to bootstrap Trafigura into this suit by way of third

party complaint and tender under Federal Rule of Civil Procedure 14(c) are in breach of written contracts in which Valero agreed to arbitration and to exclusive jurisdiction in New York. Trafigura moves to dismiss certain of Valero's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

3. Denied. Trafigura moves to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. 1404(a) and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3).

## II. The Parties

4. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 4, and, therefore, denies same.

5. Trafigura admits that its principal place of business is Houston, Texas. Further answering the averments in Paragraph 5, denied.

6. The averments contained in Paragraph 6 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 6, and, therefore, denies same.

7. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 7, and, therefore, denies same.

## III. Factual Background

8. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 8, and, therefore, denies same.

9. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 9, and, therefore, denies same. Trafigura moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Trafigura avers that three contracts

covered the product sold by Trafigura to Valero—two contracts in February 2018, and one contract in March 2018.

10. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 10, and, therefore, denies same. Trafigura moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Trafigura avers that three contracts covered the product sold by Trafigura to Valero—two contracts in February 2018, and one contract in March 2018.

11. Trafigura denies the averments in Paragraph 11. Trafigura moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

12. Trafigura denies the averments in Paragraph 12. Trafigura moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

13. Trafigura denies the averments in Paragraph 13. Trafigura moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

14. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 14, and, therefore, denies same.

15. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 15, and, therefore, denies same.

16. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 16, and, therefore, denies same.

17. Trafigura admits that the referenced paragraph in NSCSA's Second Amended Complaint contains the quoted language. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 17 of NSCSA's Second Amended Complaint, and, therefore, denies same.

18. Trafigura admits that the referenced paragraph in NSCSA's Second Amended Complaint contains the quoted language. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 18 of NSCSA's Second Amended Complaint, and, therefore, denies same.

19. Trafigura denies the averments in Paragraph 19.

### IV. First Cause of Action — Breach of Contract

20. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 19 as if fully set forth herein.

21. Trafigura admits that Valero and Trafigura were parties to written contracts under which Trafigura agreed to sell and deliver product to Valero. Further answering, Trafigura denies the remaining allegations of Paragraph 21.

22. Trafigura denies the averments in Paragraph 22.

23. Trafigura denies the averments in Paragraph 23.

24. Trafigura denies the averments in Paragraph 24.

25. Trafigura denies the averments in Paragraph 25.

### V. Second Cause of Action — Negligence

26. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. Trafigura denies the averments in Paragraph 27.

28. Trafigura denies the averments in Paragraph 28.

29. Trafigura denies the averments in Paragraph 29.

### VI. Third Cause of Action — Breach of Express Warranties, Implied Warranties, and Implied Warranty of Fitness for a Particular Purpose

30. Trafigura repeats and reasserts its respective responses to the averments set forth in

Paragraphs 1 through 29 as if fully set forth herein.

31. Trafigura denies the averments in Paragraph 31.

32. Trafigura denies the averments in Paragraph 32.

33. Trafigura denies the averments in Paragraph 33.

34. Trafigura denies the averments in Paragraph 34.

35. Trafigura denies the averments in Paragraph 35.

### VII. Fourth Cause of Action — Products Liability

36. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 35 as if fully set forth herein.

37. Trafigura denies the averments in Paragraph 37.

38. Trafigura denies the averments in Paragraph 38.

39. Trafigura denies the averments in Paragraph 39.

### VIII. Fifth Cause of Action — Statutory Indemnity Against Trafigura Pursuant to Texas Civil Practice & Remedies Code § 82.002, et. seq.

40. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 39 as if fully set forth herein.

41. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 41, and, therefore, denies same.

42. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 42, and, therefore, denies same.

43. Trafigura admits NSCSA filed the referenced lawsuit and a Second Amended Complaint. Trafigura lacks knowledge or information sufficient to form a belief about the truth of all the averments in NSCSA's lawsuit and in its Second Amended Complaint, and, therefore, denies same.

44. Trafigura admits NSCSA filed the referenced lawsuit and a Second Amended Complaint. Trafigura lacks knowledge or information sufficient to form a belief about the referenced averments, and, therefore, denies same.

45. Trafigura denies the averments in Paragraph 45.

46. Trafigura denies the averments in Paragraph 46.

47. Trafigura denies the averments in Paragraph 47.

48. Trafigura admits Valero requested defense and indemnity from Trafigura relating to the averments in Valero's Amended Third Party Complaint. Further answering, Trafigura denies the remaining averments in Paragraph 48.

49. Trafigura denies the averments in Paragraph 49.

### IX. Rule 14(c) Tender of Third-Party Defendant to Plaintiff

50. Trafigura admits Valero has attempted to invoke Rule 14(c). Further answering, Trafigura denies the remaining averments of Paragraph 50 and specifically denies that this Court has subject matter jurisdiction. Trafigura moves to dismiss claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

51. Trafigura denies each and every averment contained in Valero's Amended Third Party Complaint that is not expressly admitted herein.

### **PRAYER**

Trafigura denies that NSCSA and Valero are entitled to the relief sought.

## TRAFIGURA TRADING LLC'S DEFENSES

1. Valero's Amended Third Party Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Valero's third-party claims are barred, in whole or in part, because this Court lacks subject matter jurisdiction over Valero's third-party claims.

3. Valero's third-party claims that are subject to a mandatory arbitration provision in a contract between Trafigura and Valero should be dismissed.

4. Venue is improper for Valero's third-party claims that are subject to a New York exclusive choice of jurisdiction clause.

5. Valero's third-party claims are barred, in whole or in part, because the product sold by Trafigura to Valero was not defective at the time it was delivered by Trafigura to Valero.

6. Valero's third-party claims are waived because Valero failed to timely submit to Trafigura a claim that the product sold by Trafigura to Valero was defective under Sections 12 and 15 of the written contracts between Valero and Trafigura.

7. Valero's third-party claims are barred, in whole or in part, because Valero failed to timely submit to Trafigura a claim that the product sold by Trafigura to Valero was defective under Sections 12 and/or 15 of the written contracts between Trafigura and Valero.

8. Valero's third-party claims are barred, in whole or in part, by contributory or comparative negligence, contributory or comparative fault, and/or voluntary assumption of risk of Valero, its contractors, and/or National Shipping Company of Saudi Arabia.

9. Valero's third-party claims are barred, in whole or in part, because Valero's damages, if any, were caused, in whole or in part, by the negligence, fault, or wrongful conduct of third persons or entities over which Trafigura exercised no control.

- 8 -

10. Valero's third-party claims are barred, in whole or in part, because Valero's damages, if any, were actually or proximately caused, in whole or in part, by an intervening or superseding cause.

11. Valero's third-party claims are barred, in whole or in part, because Plaintiff's damages, if any, were actually or proximately caused, in whole or in part, by a new and independent cause.

12. Valero's third-party claims are barred, in whole or in part, because the sole, proximate, producing, or contributing cause of Plaintiff's damages, if any, was the acts or omissions of persons or entities over which Trafigura has no control or right of control.

13. Valero's third-party claims are barred, in whole or in part, because of the doctrine of voluntary assumption of risk.

14. Valero's third-party claims are barred, in whole or in part, because the product sold by Trafigura was at all times reasonably fit and suitable for the ordinary purpose for which it was to be used.

15. Valero's third-party claims are barred, in whole or in part, because Valero failed to mitigate its damages.

16. Valero's third-party claims are barred, in whole or in part, under the economic loss rule.

17. Valero's third-party claims are limited or barred by the liability and damages limiting provisions in the contracts between Valero and Trafigura.

18. Valero's breach of warranty third-party claim is barred, in whole or in part, because there were no implied warranties, and/or Valero waived all implied warranties.

19. Valero's third-party claims are barred, in whole or in part, because the product sold by Trafigura to Valero did not cause damage to National Shipping Company of Saudi Arabia or to Valero.

20. Valero's third-party claims are barred, in whole or in part, because Trafigura did not manufacture and/or sell the allegedly defective product sold by Valero to National Shipping Company of Saudi Arabia.

21. Trafigura denies that Valero has met conditions precedent for recovery.

DATED: May 31, 2019

>REED SMITH LLP
> s/ *Stephen E. Scheve*
> Stephen E. Scheve (attorney-in-charge)
> Texas Bar No. 00794928
> S.D. Tex. No. 18784
> sscheve@reedsmith.com
> Curtis R. Waldo
> Texas Bar No. 24090452
> S.D. Tex. No. 2331235
> cwaldo@reedsmith.com
> Reed Smith LLP
> 811 Main Street, Suite 1700
> Houston, TX 77002-6110
> Telephone: +1 713 469 3812
> Facsimile: +1 713 469 3899
>
> *Counsel for Third-party Defendant Trafigura Trading LLC*

## CERTIFICATE OF SERVICE

    I certify that the above document was served via the Court's CM/ECF system to all counsel of record on May 31, 2019.

*s/ Stephen E. Scheve*
Stephen E. Scheve

US_ACTIVE-146938844.2-CRWALDO