IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE NATIONAL SHIPPING COMPANY OF SAUDI ARABIA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | |
| VALERO MARKETING AND SUPPLY COMPANY, | § § § | CIVIL ACTION NO. H-19-1096 |
| Defendant, | § § | |
| VS. | § § | |
| TRAFIGURA TRADING LLC, | § § | |
| Third-Party Defendant. | § | |

**ORDER**

The National Shipping Company of Saudi Arabia has sued Valero Marketing and Supply Company, alleging that Valero supplied contaminated "bunker fuel"—the oil poured into a ship's fuel tanks—to one of its ships, the M/V Bahri Yanbu, damaging its main engine. (Docket Entry No. 11). National Shipping asserts contract breach, warranty breach, misrepresentation, and products liability, seeking to recover $1,137,000 for fees and costs related to repairing the M/V Bahri Yanbu. (*Id.* at 7). Valero answered and filed a third-party complaint against Trafigura Trading LLC, the company that allegedly supplied the bunker fuel, which Valero then sold to National Shipping. (Docket Entry No. 14). Valero alleged that Trafigura provided the contaminated fuel that damaged the M/V Bahri Yanbu, asserting contract breach, negligence, express and implied warranty breach, products liability, and a violation of the Texas Civil Practice and Remedies Code. (*Id.* at 10–16). Trafigura has moved for a more definite statement; to sever

the claims against it; to transfer to the Southern District of New York under forum-selection clauses; and to dismiss under an arbitration clause. (Docket Entry Nos. 25–28).

Valero alleges that Trafigura supplied five fuel shipments under five contracts between February and March 2018, and that Trafigura's fuel damaged the M/V Bahri Yanbu's main engine. (Docket Entry No. 14 at 7–16). Trafigura moved for a more definite statement because "Valero alleges that Trafigura delivered [fuel] pursuant to five contracts," but "Valero has not identified the contracts, and Trafigura has located only three relevant contracts." (Docket Entry No. 25 at 2). Valero responded and agreed that "there [are] only three written contracts covering the five" fuel shipments, confirming that Trafigura identified the correct contracts. (Docket Entry No. 29 at 1).

Trafigura has moved to sever, to transfer, and to dismiss because two contracts had forum-selection clauses choosing the Southern District of New York as the exclusive venue, and the third contract contained a mandatory arbitration clause. (Docket Entry Nos. 26–28). Trafigura argues that these clauses are enforceable, applicable, and broad enough to cover all the claims Valero has asserted. (Docket Entry No. 26 at 3–7; Docket Entry No. 27 at 5–10). Valero responds that "[j]udicial economy and efficiency are served by resolving all of the claims pending before this court before dismissing or transferring Valero's third-party claims against Trafigura"; the court should wait to rule on transfer or arbitration because it is unclear which shipments contained contaminated fuel and which contracts apply; and Valero is "not opposed to a stay." (Docket Entry No. 30 at 1–2; Docket Entry No. 31 at 1–2).

Trafigura has replied that the forum-selection and arbitration provisions are mandatory and that the court "need not decide which barrel of Trafigura product caused what damage, or that Trafigura product caused *any* damage," because "Valero has already agreed that the three contracts

identified by Trafigura govern the relevant oil sales." (Docket Entry No. 35 at 4 (emphasis in original)). Trafigura urges the court to "issue an order severing and transferring Valero's claims" relating to two of the contracts, and dismissing the claims under the third. (*Id.* at 4; Docket Entry No. 36 at 4–5).

Because Valero has not specified which shipments contained the contaminated fuel, or which contract applied to each shipment, the court has an inadequate basis to determine which claims need to be severed and transferred or dismissed for arbitration, even assuming that the arbitration and forum-selection clauses are applicable and enforceable. (*See* Docket Entry No. 14 at 11–16). The court grants the motion for a more definite statement, so that Valero may amend the third-party complaint to name the contracts and identify the ones implicated by each count. (Docket Entry No. 29).

The motion for a more definite statement is granted. (Docket Entry No. 25). The court denies the motions to sever and transfer or to dismiss, without prejudice. (Docket Entry Nos. 26–28). Valero must file its amended third-party complaint no later than **July 31**, **2019**. Trafigura must file any motion to sever and to transfer or dismiss no later than **August 23**, **2019**.

SIGNED on July 8, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge