# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| National Shipping Company of Saudi Arabia,<br>  *Plaintiff,*<br>v.<br>Valero Marketing and Supply Company<br>  *Defendant and Third-Party Plaintiff*<br>v.<br>Trafigura Trading LLC<br>  *Third-Party Defendant* | Civil Action No. 4:19-cv-1096 |

## THIRD-PARTY DEFENDANT TRAFIGURA TRADING LLC'S ANSWER AND DEFENSES TO DEFENDANT / THIRD-PARTY PLAINTIFF VALERO MARKETING AND SUPPLY COMPANY'S SECOND AMENDED THIRD-PARTY COMPLAINT AND 14(C) TENDER AGAINST TRAFIGURA TRADING LLC

Trafigura Trading, LLC ("Trafigura") submits this Answer and Defenses to Defendant Valero Marketing and Supply Company's Second Amended Third-Party Complaint (Dkt. # 43). This Answer and Defenses is made subject to Trafigura's forthcoming renewed Motion to Dismiss, and Motion to Sever and Transfer, which the Court has instructed Trafigura to file on or before August 23, 2019.

## I. Jurisdiction and Venue

1. Denied. The averments contained in Paragraph 1 constitute conclusions of law to which no response is required. As such, they are denied. Trafigura objects based on lack of subject matter jurisdiction. Valero's improper efforts to bootstrap Trafigura into this suit by way of third party complaint and tender under Federal Rule of Civil Procedure 14(c) are in breach of written contracts in which Valero agreed to arbitration and to exclusive jurisdiction in New York. Trafigura moves to dismiss certain of Valero's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. Denied. The averments contained in Paragraph 2 constitute conclusions of law to which no response is required. As such, they are denied. Trafigura objects based on lack of subject

matter jurisdiction. Valero's improper efforts to bootstrap Trafigura into this suit by way of third party complaint and tender under Federal Rule of Civil Procedure 14(c) are in breach of written contracts in which Valero agreed to arbitration and to exclusive jurisdiction in New York. Trafigura moves to dismiss certain of Valero's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

3. Denied. Trafigura moves to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. 1404(a) and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3).

## II. The Parties

4. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 4, and, therefore, denies same.

5. Trafigura admits that its principal place of business is Houston, Texas. Further answering the averments in Paragraph 5, denied.

6. The averments contained in Paragraph 6 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 6, and, therefore, denies same.

7. The averments contained in Paragraph 7 are not directed at Trafigura. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 7, and, therefore, denies same.

## III. Factual Background

8. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 8, and, therefore, denies same.

9. Trafigura admits three contracts covered the product sold by Trafigura to Valero—two contracts in February 2018, and one contract in March 2018. Trafigura admits that one contract is attached to Valero's Second Amended Third-Party Complaint as Exhibit A. Trafigura admits that one contract is attached to Valero's Second Amended Third-Party Complaint as Exhibit

B. Trafigura admits that one contract is attached to Valero's Second Amended Third-Party Complaint as Exhibit C. Trafigura avers that those contracts speak for themselves.

### A. Trafigura Contract #1[1]

10. Trafigura denies the allegations in the first sentence of Paragraph 10. Trafigura avers that the referenced document speaks for itself. Trafigura admits the allegations in the second sentence of Paragraph 10.

11. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 11, and, therefore, denies same.

12. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 12, and, therefore, denies same.

13. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 13, and, therefore, denies same.[2]

14. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 14, and, therefore, denies same.

15. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 15, and, therefore, denies same.

16. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 16, and, therefore, denies same.[3]

17. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 17, and, therefore, denies same.

---

[1] Trafigura avers that the document attached as Exhibit A to Valero's Second Amended Third Party Complaint speaks for itself. Trafigura admits that the document attached as Exhibit A is one of the three contracts.
[2] Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Valero's footnote accompanying Paragraph 13, and, therefore, denies same.
[3] Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Valero's footnote accompanying Paragraph 16, and, therefore, denies same.

### B. Trafigura Contract #2[4]

18. Trafigura denies the allegations in the first sentence of Paragraph 18. Trafigura avers that the referenced document speaks for itself. Trafigura admits the allegations in the second sentence of Paragraph 18.

19. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 19, and, therefore, denies same.

20. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 20, and, therefore, denies same.

21. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 21, and, therefore, denies same.

22. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 22, and, therefore, denies same.

23. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 23, and, therefore, denies same.

24. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 24, and, therefore, denies same.

25. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 19, and, therefore, denies same.

### C. Trafigura Contract #3[5]

26. Trafigura denies the allegations in the first sentence of Paragraph 26. Trafigura avers that the referenced document speaks for itself. Trafigura admits the allegations in the second sentence of Paragraph 26.

---

[4] Trafigura avers that the document attached as Exhibit B to Valero's Second Amended Third Party Complaint speaks for itself. Trafigura admits that the document attached as Exhibit B is one of the three contracts.

[5] Trafigura avers that the document attached as Exhibit C to Valero's Second Amended Third Party Complaint speaks for itself. Trafigura admits that the document attached as Exhibit C is one of the three contracts.

27. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 27, and, therefore, denies same.

28. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 28, and, therefore, denies same.

29. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 29, and, therefore, denies same.

30. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 30, and, therefore, denies same.

31. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 31, and, therefore, denies same.

32. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 32, and, therefore, denies same.

**D. Valero – NSCSA Contract**

33. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 33, and, therefore, denies same.

34. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 34, and, therefore, denies same.[6]

35. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 35, and, therefore, denies same.

36. Trafigura admits that the referenced paragraph in NSCSA's Second Amended Complaint contains the quoted language. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 36, and, therefore, denies same.

---

[6] Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in footnote 12 of Valero's Second Amended Third-Party Complaint and, therefore, denies same.

37. Trafigura admits that the referenced paragraph in NSCSA's Second Amended Complaint contains the quoted language. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 37, and, therefore, denies same.

38. Trafigura denies the averments in Paragraph 38.

### IV. First Cause of Action — Breach of Contract

39. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 38 as if fully set forth herein.

40. Trafigura admits that Valero and Trafigura were parties to three written contracts under which Trafigura agreed to sell and deliver fuel oil to Valero. Further answering, Trafigura denies the remaining allegations of Paragraph 40.

41. Trafigura denies the averments in Paragraph 41.

42. Trafigura denies the averments in Paragraph 42.

43. Trafigura denies the averments in Paragraph 43.

44. Trafigura denies the averments in Paragraph 44.

### V. Second Cause of Action — Negligence

45. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 44 as if fully set forth herein.

46. Trafigura denies the averments in Paragraph 46.

47. Trafigura denies the averments in Paragraph 47.

48. Trafigura denies the averments in Paragraph 48.

### VI. Third Cause of Action — Breach of Express Warranties, Implied Warranties, and Implied Warranty of Fitness for a Particular Purpose

49. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 48 as if fully set forth herein.

50. Trafigura denies the averments in Paragraph 50.

51. Trafigura denies the averments in Paragraph 51.

52. Trafigura denies the averments in Paragraph 52.

53. Trafigura denies the averments in Paragraph 53.

54. Trafigura denies the averments in Paragraph 54.

55. Trafigura denies the averments in Paragraph 55.

**VII.  Fourth Cause of Action — Products Liability**

56. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 55 as if fully set forth herein.

57. Trafigura denies the averments in Paragraph 57.

58. Trafigura denies the averments in Paragraph 58.

59. Trafigura denies the averments in Paragraph 59.

**VIII.  Fifth Cause of Action — Statutory Indemnity Against Trafigura Pursuant to Texas Civil Practice & Remedies Code § 82.002, et. seq.**

60. Trafigura repeats and reasserts its respective responses to the averments set forth in Paragraphs 1 through 59 as if fully set forth herein.

61. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 61, and, therefore, denies same.

62. Trafigura lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 62, and, therefore, denies same. Trafigura further avers that Valero has alleged it combined the Trafigura Fuel Oil with the Valero Bunker Fuel. See Valero's Second Amended Third-Party Complaint at ¶61.

63. Trafigura admits NSCSA filed the referenced lawsuit and a Second Amended Complaint. Trafigura lacks knowledge or information sufficient to form a belief about the truth of all the averments in NSCSA's lawsuit and in its Second Amended Complaint, and, therefore, denies same.

64. Trafigura admits NSCSA filed the referenced lawsuit and a Second Amended Complaint. Trafigura lacks knowledge or information sufficient to form a belief about the referenced averments, and, therefore, denies same.

65. Trafigura denies the averments in Paragraph 65.

66. Trafigura denies the averments in Paragraph 66.

67. Trafigura denies the averments in Paragraph 67.

68. Trafigura admits Valero requested defense and indemnity from Trafigura relating to the averments in Valero's Amended Third Party Complaint. Further answering, Trafigura denies the remaining averments in Paragraph 68.

69. Trafigura denies the averments in Paragraph 69.

### IX. Rule 14(c) Tender of Third-Party Defendant to Plaintiff

70. Trafigura admits Valero has attempted to invoke Rule 14(c). Further answering, Trafigura denies the remaining averments of Paragraph 70 and specifically denies that this Court has subject matter jurisdiction. Trafigura moves to dismiss claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

71. Trafigura denies each and every averment contained in Valero's Amended Third Party Complaint that is not expressly admitted herein.

### **PRAYER**

Trafigura denies that NSCSA and Valero are entitled to the relief sought.

# TRAFIGURA TRADING LLC'S DEFENSES

1. Valero's Second Amended Third Party Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Valero's third-party claims are barred, in whole or in part, because this Court lacks subject matter jurisdiction over Valero's third-party claims.

3. Valero's third-party claims that are subject to a mandatory arbitration provision in a contract between Trafigura and Valero should be dismissed.

4. Venue is improper for Valero's third-party claims that are subject to a New York exclusive choice of jurisdiction clause.

5. Valero's third-party claims are barred, in whole or in part, because the product sold by Trafigura to Valero was not defective at the time it was delivered by Trafigura to Valero.

6. Valero's third-party claims are waived because Valero failed to timely submit to Trafigura a claim that the product sold by Trafigura to Valero was defective under Sections 12 and 15 of the written contracts between Valero and Trafigura.

7. Valero's third-party claims are barred, in whole or in part, because Valero failed to timely submit to Trafigura a claim that the product sold by Trafigura to Valero was defective under Sections 12 and/or 15 of the written contracts between Trafigura and Valero.

8. Valero's third-party claims are barred, in whole or in part, by contributory or comparative negligence, contributory or comparative fault, and/or voluntary assumption of risk of Valero, its contractors, and/or National Shipping Company of Saudi Arabia.

9. Valero's third-party claims are barred, in whole or in part, because Valero's damages, if any, were caused, in whole or in part, by the negligence, fault, or wrongful conduct of third persons or entities over which Trafigura exercised no control.

10. Valero's third-party claims are barred, in whole or in part, because Valero's damages, if any, were actually or proximately caused, in whole or in part, by an intervening or superseding cause.

11. Valero's third-party claims are barred, in whole or in part, because Plaintiff's damages, if any, were actually or proximately caused, in whole or in part, by a new and independent cause.

12. Valero's third-party claims are barred, in whole or in part, because the sole, proximate, producing, or contributing cause of Plaintiff's damages, if any, was the acts or omissions of persons or entities over which Trafigura has no control or right of control.

13. Valero's third-party claims are barred, in whole or in part, because of the doctrine of voluntary assumption of risk.

14. Valero's third-party claims are barred, in whole or in part, because the product sold by Trafigura was at all times reasonably fit and suitable for the ordinary purpose for which it was to be used.

15. Valero's third-party claims are barred, in whole or in part, because Valero failed to mitigate its damages.

16. Valero's third-party claims are barred, in whole or in part, under the economic loss rule.

17. Valero's third-party claims are limited or barred by the liability and damages limiting provisions in the contracts between Valero and Trafigura.

18. Valero's breach of warranty third-party claim is barred, in whole or in part, because there were no implied warranties, and/or Valero waived all implied warranties.

19. Valero's third-party claims are barred, in whole or in part, because the product sold by Trafigura to Valero did not cause damage to National Shipping Company of Saudi Arabia or to Valero.

20. Valero's third-party claims are barred, in whole or in part, because Trafigura did not manufacture and/or sell the allegedly defective product sold by Valero to National Shipping Company of Saudi Arabia.

21. Trafigura denies that Valero has met conditions precedent for recovery. Specifically, Valero did not submit a claim against Trafigura regarding the quality of the product

sold by Trafigura within 30 days of delivery as required by Section 12 of the parties' contracts. Valero also did not submit a claim against Trafigura within six months of loading as required by Section 15 of the parties' contracts.

Dated: August 14, 2019

Respectfully submitted,

REED SMITH LLP
s/ *Stephen E. Scheve*
Stephen E. Scheve (attorney-in-charge)
Texas Bar No. 00794928
S.D. Tex. No. 18784
sscheve@reedsmith.com
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: +1 713 469 3812
Facsimile: +1 713 469 3899

Counsel:

Curtis R. Waldo
Texas Bar No. 24090452
S.D. Tex. No. 2331235
cwaldo@reedsmith.com
Reed Smith LLP
811 Main Street Suite 1700
Houston, TX 77002-6110
Telephone: +1 713 469 3837
Fascimile: +713 369 3899

*Counsel for Third-party Defendant Trafigura Trading LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2019, I caused the foregoing document to be served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                        s/ *Curtis R. Waldo*
                                        Curtis R. Waldo