UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| National Shipping Company of Saudi Arabia, § | Civil Action No. 4:19-cv-1096 |
| *Plaintiff,* § | |
| v. § | |
| Valero Marketing and Supply Company § | |
| *Defendant and Third-Party Plaintiff* § | |
| v. § | |
| Trafigura Trading LLC § | |
| *Third-Party Defendant* § | |
| § | |

**TRAFIGURA TRADING LLC'S RENEWED MOTION TO SEVER AND TRANSFER**

After the Court invited Valero Marketing and Supply Company ("Valero") to amend its Third-Party Complaint, Valero filed its Second Amended Third-Party Complaint (Dkt. #43), and therein identified and attached the same three contracts previously attached by Trafigura Trading, LLC ("Trafigura") to its initial May 31, 2019 Motions (one contains a mandatory New York arbitration provision, and the other two contain an exclusive New York choice of jurisdiction clause). **In other words, Valero's amended pleading removes any doubt about what contracts govern the transactions at issue, and removes any dispute that two of the contracts contain an exclusive New York choice of jurisdiction clause.** As such, pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. Sec. 1404(a), Trafigura hereby renews its motion to sever those third-party claims asserted by Valero against Trafigura which are subject to the exclusive choice of jurisdiction clauses, and transfer those claims to the U.S. District Court for the Southern District of New York.  In support of the present Motion, Trafigura states as follows:

**I.     INTRODUCTION**

In its first Third-Party Complaint against Trafigura, Valero alleged without support that in February 2018, Trafigura and Valero entered five agreements under which Trafigura sold five

"parcels" of "fuel oil" to Valero.[1]  Valero alleged that the fuel oil was "defective" and ultimately caused damage to a vessel belonging to National Shipping Company of Saudi Arabia for which Valero may be responsible.[2]  On May 31, 2019, Trafigura moved to dismiss Valero's third-party claims that were subject to a written contract with a mandatory arbitration clause.[3]  Trafigura also moved to sever and transfer Valero's third-party claims that were subject to two contracts with a mandatory choice of jurisdiction clause, selecting New York federal and state courts.[4]  To each Motion, Trafigura attached the three contracts it contended governed the deliveries of fuel oil at issue in Valero's Third-Party Complaint.  In the alternative, Trafigura moved for a more definite statement, arguing that Valero had not adequately described the agreements at issue.[5]

On July 8, 2019, this Court granted Trafigura's Motion for More Definite Statement, giving Valero until July 31, 2019 to "name the contracts and identify the ones implicated by each count."[6]  This Court also permitted Trafigura until August 23, 2019 to renew its Motions to Dismiss and Sever/Transfer.[7]

On July 31, 2019, Valero amended its Third-Party Complaint, and therein Valero conceded that three contracts (not five) control the relevant transfers.[8]  Valero agreed with Trafigura that the three contracts identified in Trafigura's Motion to Dismiss and Motion to Sever and Transfer control the relevant deliveries of fuel oil at issue.  Indeed, Exhibits A through C to Valero's Second

---

[1] Valero's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, and Amended Third-Party Complaint and 14(c) Tender Against Trafigura (Dkt. #14) ("Third-Party Compl.") at ¶¶9-13.
[2] Dkt. #14 at ¶¶14-19.
[3] Dkt. #27.
[4] Dkt. #26.
[5] Dkt. #25.
[6] Dkt. #40.
[7] *Id.*
[8] Dkt. #43 at ¶¶10-32.

Amended Third Party Complaint (Dkt. #43-1 through #43-3) are exact copies of the contracts attached to Trafigura employee Amanda Samples' Affidavit, located at Dkt. #25-1. The exhibits attached by Valero even have the same file stamps as the contracts attached to Ms. Samples' Affidavit. *See* Dkt. #43-1 through 43-3 (bearing Dkt. #25-1 file stamps).

It is now clear there is no dispute about what contracts govern the transactions at issue, and there is no dispute that two of the three contracts contain an exclusive New York choice of jurisdiction clause. *See* Dkt. #43-2 (Exhibit B to Valero's Second Amended Third-Party Complaint at Section 26); Dkt. #43-3 (Exhibit C to Valero's Second Amended Third-Party Complaint at Section 26). Hence, Valero's third-party claims subject to those two contracts should be severed and transferred to the Southern District of New York.

**II.    AN EXCLUSIVE CHOICE OF JURISDICTION CLAUSE REQUIRES TRANSFER OF CERTAIN OF VALERO'S THIRD-PARTY CLAIMS AGAINST TRAFIGURA**

**A.    Two of the Contracts Upon Which Valero Bases its Third-Party Claims Contain Exclusive New York Choice of Jurisdiction Clauses.**

There is now no dispute that three written contracts cover the product deliveries at issue in Valero's Second Amended Third-Party Complaint against Trafigura. The documents comprising the three contracts are exhibits to the Affidavit of Amanda Samples ("Samples Aff."), attached hereto and also attached to Trafigura's May 31, 2019 Motions, and those contracts are designated Contract No. 1654384, Contract No. 1659403, and Contract No. 1669270.[9] Valero attaches the same three contracts to its Second Amended Third Party Complaint.[10] In case there remained any doubt, on August 14, 2019, Trafigura answered Valero's Second Amended Third Party Complaint

---

[9] *See* Samples Aff. The terms of the three contracts are attached to the Samples Affidavit in Exhibit A-1, Exhibit A-3, and Exhibit A-5, respectively. Exhibits A-3 and A-5 contain the exclusive choice of jurisdiction clause. Exhibit A-1 contains the arbitration provision.
[10] Dkt. #43-1 through 43-3.

and admitted these three contracts governed the transfers at issue.[11]

Section 26 in both Contract No. 1659403 and Contract No. 1669270 is titled "Law and Jurisdiction." Section 26 provides in key part:

> "*EACH PARTY HEREBY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF ANY FEDERAL COURT OF COMPETENT JURISDICTION SITUATED IN THE BOROUGH OF MANHATTAN, NEW YORK*, OR, IF ANY FEDERAL COURT DECLINES TO EXERCISE OR DOES NOT HAVE JURISDICTION, IN ANY NEW YORK STATE COURT IN THE BOROUGH OF MANHATTAN….EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY OBJECTION TO THE JURISDICTION OF ANY SUCH COURT OR TO VENUE THEREIN OR ANY CLAIM OF INCONVENIENT FORUM OF SUCH COURT…."

As described in the attached Samples Affidavit, the parties agreed to the exclusive choice of jurisdiction clause in Contract No. 1659403 and Contract No. 1669270. For each contract, Trafigura sent its contract terms to Valero, including Section 26, the exclusive choice of jurisdiction clause. Trafigura's proposed terms stated that no additional terms would apply.[12] Valero sent a written confirmation to Trafigura expressly agreeing to Trafigura's terms. Specifically, both Valero confirmations stated: "*Valero Marketing and Supply Company recognizes that Trafigura Trading LLC's Contract (the "Contract") governs this transaction*…."[13] Trafigura later delivered the product covered by Contract No. 1659403 and Contract No. 1669270, which Valero accepted and paid for.[14] Valero agrees that these two

---

[11] Dkt. #46 at ¶9.

[12] The first page of Trafigura's proposed terms stated: "If the seller and…the buyer issue contracts for the above referenced deal, the seller's contract prevails…." Samples Aff. at Exs A-1, A-3, and A-5. Trafigura's proposed terms stated in Section 30 that if "[a]dditional or different terms from those set forth herein shall be construed as proposals for amendments, and shall not become part of the contract unless expressly agreed to by seller…." *Id.* Section 28 of Trafigura's offer also contained a strong merger clause, providing that this document "contains the entire agreement of both parties." *Id.*

[13] *Id.* at Exs. A-2, A-4, and A-6 (all at page one).

[14] *Id.* at ¶8.

contracts covered certain of the deliveries at issue, with the third contract containing a mandatory arbitration clause covering the remaining transfers.[15]

Under New York law,[16] where the parties have agreed in advance to a forum that is exclusive of all others, and where the forum clause was communicated to the other party and covers the claims and parties involved in the dispute, the contractual choice of forum is accorded a presumption of enforceability. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).[17] Per *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59-60 (2013), "a valid forum-selection clause requiring suit in a state or foreign forum must be given controlling weight in all but the most exceptional cases."

The language contained in the two contracts is a textbook exclusive choice of jurisdiction clause. By agreeing to "exclusive" jurisdiction in New York, the parties were, by definition, agreeing that jurisdiction was not proper elsewhere. Lengthy and well-reasoned authority in New York holds that such "exclusive" language creates a mandatory choice of forum clause. For instance, in *Moose Toys Pty, Ltd. v. Creative Kids Far East Inc.*, 195 F. Supp. 3d 599 (S.D.N.Y. 2016), the forum selection clause read, "The Agreement shall be governed by and construed in accordance with the laws in force in the State of Victoria, Australia and **each party submits to the exclusive jurisdiction of the courts of that State**." *Id.* at 603 (emphasis added). Applying

---

[15] *See* Dkt. #43 at ¶¶10, 18, 26; Dkt. #43-1 through #43-3 (attaching the three contracts).

[16] Each of the contracts between the parties contains a New York choice of law clause. *Id.* at Exs A-1, A-3, and A-5 (each at Section 26) ("This contract shall be governed by, construed and enforced under the laws of the State of New York without giving effect to its conflicts of laws principles."). To the extent Valero argues Texas law applies, there is no reason to believe Texas law would be any different.

[17] New York law applies to the effect of the forum selection clause in the parties' contracts because the parties selected New York law to govern interpretation of those contracts. *Id.* ("This contract shall be governed by, construed and enforced under the laws of the State of New York without giving effect to its conflicts of laws principles.").

New York law, the court held this was a mandatory forum selection clause, reasoning that the "exclusive jurisdiction" language evidenced the parties' intent that disputes be brought solely in that jurisdiction. *Id.* at 603-04.

In determining the scope of a choice of jurisdiction clause, courts "must look to the language of the parties' contract to determine which causes of action are governed by the forum selection clause." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 616 (5th Cir. 2007). To determine whether a choice of jurisdiction clause applies to specific tort claims, courts typically ask (1) whether the tort claims depend on the existence of a contractual relationship between the parties; (2) whether resolution of the tort claims relates to the interpretation of the contract; and (3) whether the tort claims involve the same operative facts as a parallel claim for breach of contract. *Terra International, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997) (cited by *Braspetro*, 240 F. App'x at 616).

The exclusive choice of jurisdiction language here is broad and not limited just to claims arising under the parties' contract. *See* Exs. A-3 and A-5, each at Section 26 ("Each party hereby ***irrevocably*** submits to the ***exclusive*** jurisdiction of any federal court of competent jurisdiction situated in the Borough of Manhattan, New York…."). Applying the factors set forth in *Terra International*, the exclusive choice of jurisdiction clause clearly extends to all of Valero's third-party claims against Trafigura arising out of or relating to Contract No. 1659403 and Contract No. 1669270. Valero's tort claims against Trafigura would not exist if not for the contracts between Valero and Trafigura with respect to the product sold by Trafigura to Valero. Resolution of the tort claims would hinge on interpretation of the parties' contracts, and Valero's tort claims track its breach of contract claims—that is, both Valero's tort claims and contract claims against Trafigura rest on Valero's allegation that Trafigura sold a defective product to Valero.

For these reasons, all of Valero's claims relating to product sold by Trafigura under Contract No. 1659403 and Contract No. 1669270—whether they sound in contract, warranty, tort, or other statutory authority—are subject to the exclusive choice of jurisdiction clause found in those two contracts, as quoted above.

**B.     Severance and Transfer of Claims Subject to Choice of Jurisdiction Clause is Proper**

The United States Supreme Court has held the proper mechanism by which a party may enforce a choice of jurisdiction clause is 28 U.S.C. 1404(a) (*forum non conveniens*). In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49 (2013), the parties entered a contract with a forum selection clause selecting state or federal court in Norfolk, Virginia. *Id.* at 52-53. When a dispute arose between the parties, one party brought suit in the Western District of Texas, invoking diversity jurisdiction. *Id.* at 53. The second party brought a motion to dismiss under 28 U.S.C. Sec. 1406(a) and Federal Rule 12(b)(3), each of which provides for dismissal in the case of "wrong" or "improper" venue, respectively. *Id.* The Supreme Court held that 1406(a) and 12(b)(3) are improper vehicles to enforce a choice of jurisdiction clause, and a party wishing to enforce a choice of jurisdiction clause should bring a motion under 28 U.S.C. 1404(a). *Id.* at 55-59. The Court reasoned that the venue selected by the plaintiff in *Atlantic Marine* was not "wrong" or "improper." Rather, under the typical *forum non conveniens* balancing test, because the parties selected a particular forum, "'the interest of justice' is served by holding parties to their bargain," meaning transfer is proper despite the plaintiff's choice of the wrong forum. *Id.* at 66.

The facts here are directly comparable to those in *Marco Forwarding Co. v. Continential Cas. Co.*, 430 F. Supp. 2d 1289 (S.D. Fla. 2005). In *Marco Forwarding*, defendant Marco Forwarding filed a third-party complaint against Continental, invoking Rule 14(c). *Id.* at 1292.

Continental moved to dismiss for improper venue,[18] arguing Marco Forwarding's claims were properly brought in Canada on account of a Canada forum selection clause in the contract between Marco Forwarding and Continental. *Id.* The court found the forum selection clause to be valid, and conducted a straightforward balancing of interest factors, ultimately holding that dismissal was proper. *Id.* at 1292-95.[19] Rule 14(c) was no impediment to enforcement of the forum selection clause.[20]

Here, because the parties have already agreed that the exclusive venue for resolution of disputes will be the courts of New York, as to product delivered by Trafigura to Valero under Contract No. 1659403 and Contract No. 1669270, third-party claims arising out of or relating to such contracts should be severed and transferred to the Southern District of New York pursuant to 28 U.S.C. 1404(a).

### III. CONCLUSION

For the above reasons, Trafigura respectfully requests this Court (1) sever the third-party claims of Valero against Trafigura that arise out of or relate to Contract No. 1659403 and Contract No. 1669270; and (2) transfer such third-party claims to the United States District Court for the Southern District of New York (Manhattan Division).

---

[18] *Marco Forwarding* was handed down prior to the U.S. Supreme Court's decision in *Atlantic Marine*, so that is why Marco Forwarding moved to dismiss under Rule 12(b)(3) rather than move to transfer under Section 1404(a).
[19] Transfer was presumably not possible in *Marco Forwarding* because an American court could not transfer claims to Canada.
[20] *See also Chalos & Co., P.C. v. Marine Managers, Ltd.*, 2015 WL 5093469 (E.D. La. Aug. 28, 2015) (where third-party defendant tendered under Rule 14(c), dismissing third-party claims on basis of exclusive jurisdiction clause selecting Greece as exclusive forum for any disputes).

Dated: August 23, 2019

        Respectfully submitted,

        REED SMITH LLP
        s/ *Stephen E. Scheve*
        Stephen E. Scheve (attorney-in-charge)
        Texas Bar No. 00794928
        S.D. Tex. No. 18784
        sscheve@reedsmith.com
        Reed Smith LLP
        811 Main Street, Suite 1700
        Houston, TX 77002-6110
        Telephone: +1 713 469 3812
        Facsimile: +1 713 469 3899

        Counsel:

        Curtis R. Waldo
        Texas Bar No. 24090452
        S.D. Tex. No. 2331235
        cwaldo@reedsmith.com
        Reed Smith LLP
        811 Main Street Suite 1700
        Houston, TX 77002-6110
        Telephone: +1 713 469 3837
        Fascimile: +713 369 3899

        *Counsel for Third-party Defendant Trafigura Trading LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2019, I caused the foregoing document to be served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

        s/ *Curtis R. Waldo*
        Curtis R. Waldo