IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE NATIONAL SHIPPING COMPANY OF SAUDI ARABIA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | |
| VALERO MARKETING AND SUPPLY COMPANY, | § § § | CIVIL ACTION NO. H-19-1096 |
| Defendant, | § § | |
| VS. | § § | |
| TRAFIGURA TRADING LLC, | § § | |
| Third-Party Defendant. | § | |

**ORDER**

On December 26, 2019, the court granted Trafigura Trading LLC's motion to sever certain third-party claims and to transfer them to the United States District Court for the Southern District of New York, and granted Trafigura's motion to sever certain third-party claims and dismiss them. (Docket Entry No. 63). Valero Marketing and Supply Company moved for clarification on what effect "the transfer/dismissal of the third-party claims by Valero against Trafigura has on the direct claims that were raised by the Rule 14(c) tender of Trafigura to" the National Shipping Company of Saudi Arabia. (Docket Entry No. 64). If the court "intends to fully dismiss Trafigura," Valero moved to certify the issue for an interlocutory appeal to the Fifth Circuit, under 28 U.S.C. § 1292(b). (*Id.*). On January 24, Valero filed a notice of appeal to the Fifth Circuit, under 28 U.S.C. § 1292(a)(3). (Docket Entry No. 66). National Shipping and Trafigura responded. (Docket Entry Nos. 71, 72). Valero replied. (Docket Entry No. 73).

The court grants Valero's motion for clarification. There is no Rule 14(c) tender that overcomes the arbitration and forum-selection clauses at issue in this case. As a result, Trafigura is no longer a party to this litigation.

The court denies Valero's motion to conditionally certify the issue for an interlocutory appeal to the Fifth Circuit, under 28 U.S.C. § 1292(b). The statute requires "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Valero argues that such an appeal is merited because our holding "would effectively gut Rule 14(c)(2) and prevent Valero from the 'implementation of a [valuable] substantive right.'" (Docket Entry No. 64 at 11 n.5). Valero argues that its appeal would materially advance the litigation because the "[l]iability of all potentially responsible parties would be resolved at the same time before this Court, and because Valero would not have to pay [National Shipping] for damages ultimately attributable to Trafigura." (Docket Entry No. 73 at 4–5).

Trafigura argues that certification is not appropriate because "this issue is not 'controlling' of anything" because it does not impact National Shipping's right to relief from Valero or the ability of the parties to seek third-party discovery from Trafigura. (Docket Entry No. 71 at 8). Trafigura notes that the interlocutory appeal "would delay resolution of [National Shipping]'s claims; it would have no effect on Valero's third-party claims against Trafigura; and it would impose needless expenses on Trafigura." (*Id.*). For its part, National Shipping informs the court that it is not opposed to an appeal "so long as the appeal would not delay discovery activities." (Docket Entry No. 72 at 2).

The court does not find grounds for appeal. The December 2019, opinion did not determine the rights and obligations of Valero and Trafigura, but merely ruled on the forum for determining those rights and obligations. The issue does not involve a "controlling issue of law" nor will it "materially advance the ultimate termination of the litigation."

SIGNED on March 3, 2020, at Houston, Texas.

	_____
	Lee H. Rosenthal
	Chief United States District Judge